NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 23 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANDREW KWASI DONKOR, | No. 17-55705 |
| Plaintiff-Appellant, | D.C. No. 5:15-cv-01712-GW-DTB |
| v. | |
| STATE OF CALIFORNIA; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted January 16, 2018**

Before:     REINHARDT, TROTT, and HURWITZ, Circuit Judges.

Andrew Kwasi Donkor appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging constitutional claims arising from

a wage garnishment.  We review de novo a district court's dismissal for failure to

state a claim under Federal Rule of Civil Procedure 12(b)(6).  *Doe v. Abbott Labs.*,

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

571 F.3d 930, 933 (9th Cir. 2009). We affirm.

The district court properly dismissed Donkor's Fifth Amendment claims because defendants are not federal government actors and because defendants did not impose any criminal punishments on Donkor. *See Hudson v. United States*, 522 U.S. 93, 98-99 (1997) (Double Jeopardy Clause of the Fifth Amendment prohibits only the imposition of multiple criminal punishments for the same offense); *Lee v. City of Los Angeles*, 250 F.3d 668, 687 (9th Cir. 2001) ("The Due Process Clause of the Fifth Amendment and the equal protection component thereof apply only to actions of the federal government—not to those of state or local governments." (citation omitted)).

The district court properly dismissed Donkor's Fourteenth Amendment substantive and procedural due process claims because Donkor failed to allege facts sufficient to show that defendants' conduct was egregious and shocks the conscience, or that Donkor did not receive an adequate opportunity to be heard. *See Brittain v. Hansen*, 451 F.3d 982, 991 (9th Cir. 2006) (substantive due process claim requires allegation of "egregious" official conduct that "shocks the conscience" (citation and internal quotation marks omitted)); *Raditch v. United States*, 929 F.2d 478, 480 (9th Cir. 1991) (procedural due process requires "notice and an opportunity to respond in some manner").

The district court properly dismissed Donkor's Fourteenth Amendment

17-55705

equal protection claim because Donkor failed to allege facts sufficient to show that he was intentionally treated differently from similarly situated individuals, or discriminated against based on his membership in a protected class. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (setting forth elements of an equal protection "class of one" claim); *Barren v. Harrington*, 152 F.3d 1193, 1194-95 (9th Cir. 1998) (setting forth elements of an equal protection claim based on membership in a protected class).

The district court properly dismissed Donkor's Sixth and Eighth Amendment claims because Donkor failed to allege facts sufficient to state any plausible claims for relief. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are to be liberally construed, a plaintiff must present factual allegations sufficient to state a plausible claim for relief); *see also Hannah v. Larche,* 363 U.S. 420, 440 n.16 (1960) (the Sixth Amendment "is specifically limited to criminal prosecutions" (citation and internal quotation marks omitted)); *Schwenk v. Hartford*, 204 F.3d 1187, 1196 (9th Cir. 2000) (an Eighth Amendment claim requires punishment which is "offensive to human dignity" (citation omitted)).

The district court properly dismissed Donkor's claims against the County of Riverside and the individual defendants in their official capacities because Donkor failed to allege facts sufficient to show any constitutional violation. *See Dougherty*

*v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (setting forth elements for municipal liability).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**